UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAJENDRA PAWAR, et al., | CIVIL ACTION |
| Plaintiffs, | No. 10-2240 |
| v. | |
| DRASEENA FUNDS GROUP, CORP., et al., | |
| Defendants. | |

## MEMORANDUM

This action concerns various alleged violations of the Securities and Exchange Act. The plaintiffs have applied for an entry of default judgment against nine of the eleven defendants named in the complaint.[1] The application will be denied without prejudice because the plaintiffs have failed to establish personal jurisdiction over the defendants.

---

[1] Specifically, plaintiffs ask the court to enter a default judgment against: Draseena Funds Group, Corp.; Kenzie Financial Management, Inc.; USFirst Fund, LLC; Three Oaks Senior Strength Fund, LLC; Three Oaks Advanced Fund, LLC; Three Oaks Currency Fund, LP a/k/a Three Oaks Currency Fund, LLC; DN Management Company, LLC; Aneesard Management, LLC; and Daniel H. Spitzer. The plaintiffs do not seek a default judgment against defendants Albert Gerebizza or Walter J. Salvadore, Jr. For the purposes of this memorandum, any reference to the "defendants" will include all named defendants except Gerebizza and Salvadore, Jr.

**I. Background**

The plaintiffs in this action are Rajendra Pawar, Maina Pawar, Ranjeet Pawar, and Maya Pawar. They allege that they invested millions of dollars in four investment funds that were owned and managed by the above-named defendants. In essence, the plaintiffs allege that they were defrauded into investing in a Ponzi scheme. The complaint demands relief for violations of Sections 10(b) and 20(a) of the Securities and Exchange Act, and it also requests an accounting of the assets entrusted to the defendants.

On October 25, 2010, the plaintiffs requested, and were granted, entry of default against the defendants. On December 30, 2010, the plaintiffs filed an application, under Rule 55(b)(2), for entry of default judgment. That application is currently before the court.[2]

**II. Personal jurisdiction**

(A) Minimum Contacts

"It is an elementary requirement that personal jurisdiction must be established in every case before a court has power to render any judgment." *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700 (3d Cir. 1991). Thus, "before entering default judgment against a defaulting party, district courts have an affirmative obligation to inquire as to the propriety of exercising personal jurisdiction over the absent party." *Napp Techs., L.L.C.*

---

[2] This court has federal question jurisdiction under 28 U.S.C. § 1331 and Section 27 of the Securities and Exchange Act [15 U.S.C. § 78aa]. Venue is proper under 28 U.S.C. § 1391(b)(2) because it is alleged that a substantial part of the events giving rise to the claims occurred in this district.

*v. Kiel Labs., Inc.*, No. 04-3535, U.S. Dist. LEXIS 100734, at *11 (D. N.J. Dec. 12, 2008) (citing, *inter alia*, *Mwani v. Bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005)). "[A] threshold inquiry into whether the court may validly exercise personal jurisdiction over the absent defendant allows the court to avoid entering a default judgment that may be set aside later." *Id.*

"[D]istrict courts have personal jurisdiction over non-resident defendants to the extent authorized under the law of the forum state in which the district court sits." *See Sunbelt Corp. v. Noble, Denton & Assocs.*, 5 F.3d 28, 31 (3d Cir. 1993). The Pennsylvania long-arm statute provides for jurisdiction "to the fullest extent allowed under the Constitution of the United States." 42 Pa. Cons. Stat. Ann. § 5322(b). Accordingly, in determining whether there is personal jurisdiction, the court must determine whether the defendants have "certain minimum contacts with [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

In this case, plaintiffs' application for an entry of judgment does not address the sufficiency of the defendants' contacts with this forum. The complaint merely states that each entity defendant "direct[ed] its business activities at this forum and elsewhere." Compl. ¶¶ 12–19. As to defendant Spitzer, the complaint states that he "does business in Pennsylvania." Compl. ¶ 20. These bare allegations are insufficient to satisfy the court

that it may enter a valid judgment against the defendants.

(B) <u>Service of Process</u>

"A court obtains personal jurisdiction over the [defendant] when the complaint and summons are properly served . . . ." *Lampe*, 952 F.2d at 700–01. Under F.R.C.P. 4(e)(1) and (h)(1)(A), service upon an individual and an entity may be accomplished by following the law of the forum state in which the district court sits. Under Pennsylvania Rules of Civil Procedure 403 and 404, service outside the Commonwealth may be accomplished by mailing original process to the defendant "by any form of mail requiring a receipt signed by the defendant or his authorized agent."

In this case, plaintiffs served the defendants—all of whom are located outside the Commonwealth—via United States mail with return receipt requested. *See* Request for Default, Docket Nos. 29-1 & 29-2, Exs. 2–10 (proofs of service and certified mail receipts). Although all receipts were returned with signatures, the plaintiffs have submitted "no proof that the signatures belong to defendant[s'] authorized agents." *Lampe*, 952 F.2d at 701. Accordingly, absent further submissions from the plaintiffs, the court cannot conclude that service of process was accomplished. This shortcoming is an independent obstacle to the entry of a default judgment. *See Hansberry v. Lee*, 311 U.S. 32, 40 (1940) ("[O]ne is not bound by a judgment *in personam* in a litigation . . . to which he has not been made a party by service of process.").

In summary, the plaintiffs have failed to demonstrate the existence of personal

jurisdiction over the defendants, and thus the application for entry of default judgment will be denied without prejudice.[3]  An appropriate order accompanies this memorandum.

\* \* \* \*

**AND NOW**, this  3  day of August, 2011, for the reasons discussed in the accompanying memorandum, it is hereby **ORDERED** that the plaintiffs' Motion for Entry of Default Judgment Against All Defendants (docket no. 31) is hereby **DENIED WITHOUT PREJUDICE.**

BY THE COURT:

 /s/ Louis H. Pollak 
Pollak, J.

---

[3] Beyond the jurisdictional issues described above, the application for default judgment may also be deficient for failure to notify the defendants of the pending application.  Under Rule 55(b)(2), "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing."  Here, the record reflects that at least some of the defendants may not have received notice.  *See* Docket No. 33 (letter from Alling & Jillson, Ltd., stating its resignation as registered agent for several of the name defendants).